UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL PLAZA, JR.,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | :　　No. 5:22-cv-04590<br>: |
| CASEY BRIELLE,<br>　　　Defendant. | :<br>: |

**O P I N I O N**

**Defendant's Motion to Dismiss, ECF No. 16 - Granted**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**May 10, 2023**
**United States District Judge**

**I.　　INTRODUCTION**

Plaintiff Joel Plaza initiated this action pursuant to 42 U.S.C. § 1983 against Defendant Cassandra Birriel, erroneously identified as Casey Brielle, for deliberate indifference to his medical needs regarding treatment he received while incarcerated. Birriel has moved to dismiss the Complaint for failure to state a claim. The Motion to Dismiss is granted without prejudice to Plaza's opportunity to file an amended complaint.

**II.　　BACKGROUND**

The following facts are alleged in Plaza's *pro se* complaint. On or around June 18, 2022, Plaza met with Birriel related to concerns about Plaza's mental health and suicidal ideation, which led to him being hospitalized in March of 2021. *See* Compl., ECF No. 1, at 5. At some point before this appointment, Plaza was apparently prescribed or given "medications" by "Doctor Kathy Daisy from Masterpieatros [sic] Doctors Office." *See id.* During the appointment between Birriel and Plaza, Birriel told Plaza that he was "play[ing] a card role [sic]

to receive [his] medications." *See id*. Birriel and Plaza had a disagreement, after which Birriel told Plaza that "she wasn't go[ing to] help [him] [because] of [his] response to what she said." *See id*. For "several weeks" thereafter, Plaza did not receive his medications. *See id*. Plaza spoke to his "lady" sometime later, and this conversation apparently confirmed that Plaza's doctor sent Plaza's medical records to the prison. *See id*. Thereafter, Plaza submitted "multiple grievances" and spoke to the warden regarding his mental health issues. *See id.*

On November 10, 2022, Plaza filed a *pro se* Complaint in this Court pursuant to § 1983 alleging that Birriel "denied [him] proper mental health medications and showed deliberate indifference to [his] mental health needs" under the Eighth Amendment to the United States Constitution. *See* Compl. at 3, 4. On February 14, 2023, Birriel filed a Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaza failed to state a deliberate indifference claim. *See* Mot., ECF No. 16. Plaza did not file a response.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Standard of Review – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id*. at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, "however inartfully pleaded," complaints by *pro se* prisoners "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal marks and citation omitted).

### B. 42 U.S.C. § 1983 and Deliberate Indifference under the Eighth Amendment – Review of Applicable Law

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment to the United States Constitution prohibits "deliberate indifference to serious medical needs of prisoners" because such treatment, or lack thereof, "constitutes . . . unnecessary and wanton infliction of pain[.]" *Estelle*, 429 U.S. at 104 (internal marks and citation omitted). However, mere negligence in diagnosing or treating a medical condition does not state a claim under the Eighth Amendment. *Id.* at 105-06. Rather, to state a deliberate indifference claim under the Eighth Amendment, "a prisoner must make (1) an 'objective' showing that the prisoner's medical needs were sufficiently serious and (2) a 'subjective' showing that the prison official acted with a sufficiently culpable state of mind." *Mitchell v. Gershen*, 466 F. App'x 84, 86 (3d Cir. 2011) (citation omitted).

The concept of a serious medical need has two components: (1) the prisoner's "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death," and (2) "the condition must be 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).  Examples of deliberate indifference include "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted).  However,

> short delays in treatment unaccompanied by arbitrary or unduly burdensome bureaucratic procedures, and the refusal to summon the medical specialist of the inmate's choice, perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction does not amount to cruel and unusual punishment.

*Roman v. Little*, No. 19-cv-5204, 2020 U.S. Dist. LEXIS 76638, at *9 (E.D. Pa. April 30, 2020) (internal quotation and citation omitted).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *Young v. Kazmerski*, 266 Fed. Appx. 191, 194 (3d Cir. 2008), and mere disagreement as to proper care does not support a finding of deliberate indifference.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).  *See also Basemore v. Vihlidal*, No. 13-669, 2014 U.S. Dist. LEXIS 20603, at *37-38 (W.D. Pa. Jan. 30, 2014) ("[D]isagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the 'right to be free from cruel and unusual punishment does not include the right to the

4
051023

treatment of one's choice.'") (quoting *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981)). However, a complete failure to treat an inmate patient may support a finding of deliberate indifference.  *See Miller v. Beard*, 699 F. Supp. 2d 697, 707 (E.D. Pa. 2010) ("Although an isolated failure to treat, without more, is ordinarily not actionable, it may in fact rise to the level of a constitutional violation if the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment.") (internal quotation and citation omitted).  Additionally, a deliberate failure to provide prescribed medical care, or a "prison doctor's choice of an ineffective course of treatment in contravention of another physician's explicit orders or the choice of an 'easier and less efficacious treatment' may establish deliberate indifference."  *Rodriguez v. Smith*, No. 03-3675, 2006 U.S. Dist. LEXIS 10726, at *45 (E.D. Pa. March 16, 2006) (citation omitted).

## IV.    ANALYSIS

### A.    Deliberate Indifference

In the Motion to Dismiss, Birriel argues that Plaza's Complaint should be dismissed because there are "no facts" to support his claim of deliberate indifference to a serious medical need under the Eighth Amendment.  Although Plaza did not submit a response, the *pro se* Complaint alleges the following pertinent facts in support of Plaza's claim: (1) Plaza was suicidal and suffering from mental health concerns which led to his hospitalization in March of 2021; (2) At some point, Dr. "Kathy Daisy from Masterpietros [sic] Doctors Office" gave or prescribed him with "medications"; (3) Plaza met with Birriel in June of 2022 and she told Plaza that he was "play[ing] a card role [sic] to receive [his] medications"; (4) At this appointment, the two of them "went back and forth" until Birriel told Plaza that "she wasn't [going to] help [him] [because] of [his] response to what she said"; and (5) "Then for several weeks [Plaza] still didn't

receive [his] meds, knowing [his] lady got [sic] [his] records sent in by [his] doc when [he] spoke to her through the jail recorded line." *See* Compl. at 5.

Even reading these facts in a light most favorable to Plaza, the Court finds that Plaza has failed to state a deliberate indifference claim. Assuming for Plaza's benefit that he had a "serious medical need," Plaza has failed to allege sufficient facts showing that Birriel, when denying Plaza his "medications," knew that these unspecified medications were prescribed or needed to treat his condition. As alleged, the facts suggest that Plaza was given or prescribed medications, presumably to treat his mental health, at some point in time by Dr. Kathy Daisy. However, the Complaint does not specify when these medications were given or prescribed to Plaza in relation to his June 2022 appointment with Birriel. Further, it is unclear whether Birriel was made aware of the existence of this prescription from Dr. Kathy Daisy at the time she denied Plaza the requested medications. Plaza also alleges that his medical records were sent to the prison, presumably by Dr. Kathy Daisy, but Plaza does not specify whether this occurred before or after Birriel denied him treatment. Further, although Plaza alleges that there was "back and forth," or a disagreement between him and Birriel, which led to her denying him treatment, the facts do not suggest whether Birriel's refusal to treat Plaza was due to a non-medical reason or simply a disagreement as to his proper course of treatment.

In sum, the facts alleged are insufficient for this Court to infer that Birriel either (1) knew about Plaza's need for medical treatment but intentionally refused to provide it, (2) delayed necessary medical treatment to Plaza based on a non-medical reason, or (3) prevented Plaza from receiving needed or recommended treatment. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). Stated another way,

Birriel's isolated failure to treat Plaza cannot on its own support an Eighth Amendment violation without further facts to "suggest a degree of deliberateness, rather than inadvertence" in the failure to provide Plaza with the requested medications or treatment. *See Miller v. Beard*, 699 F. Supp. 2d 697, 707 (E.D. Pa. 2010) (internal marks and citation omitted).  Plaza has therefore failed to state a deliberate indifference claim, and Birriel's Motion to Dismiss is granted.

### B. Amendment of the Complaint

At this time, the Court cannot determine whether an amendment of the deliberate indifference claim would be futile.  Consequently, and in an abundance of caution given Plaza's *pro se* status, the Court affords Plaza an opportunity to amend his complaint to cure the deficiencies discussed above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).

Plaza is advised that any "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  It must be a new pleading which stands by itself without reference to the original complaint.  *Id.*  The amended complaint "may not contain conclusory allegations.  Rather, it must establish the existence of specific actions by the defendant[] which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)).  "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)). Additionally, the amended complaint must contain sufficient factual allegations regarding the specific timeline that the alleged violation and any underlying events occurred.

## V. CONCLUSION

Plaza has failed to plead sufficient facts showing deliberate indifference to a serious medical need by Birriel.  Therefore, the Motion to Dismiss is granted, but Plaza is granted leave to amend his Complaint.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge